UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 15CR295 |
| | § | |
| HERIBERTO LATIGO | § | |

### LATIGO'S MEMORANDUM SUPPORTING PRE-TRIAL RELEASE
(HEARING SET 6/5/15)

  Heriberto Latigo, through Andino Reynal and Neal Davis, files this memorandum supporting pre-trial release. Latigo anticipates presenting witnesses at the detention hearing. This memorandum will aid this Court in understanding why detaining Latigo would be an affront to the constitutional right to due process, the presumption of innocence, and pre-trial release.

  1. The government is literally making a federal case out of an alleged stalking. Not stalking that involves a defendant injuring, harassing, or intimidating another *in a State different from where he lives*, which is typically when this federal charge is filed. Not stalking that involves a stranger or minor. But an alleged stalking that involves an ex-girlfriend, named Catherine Do, who is volatile and *has repeatedly written emails about falsely accusing Latigo*. Their relationship—which was highly sexual—was apparently a hot mess, of the *50 Shades of Gray* variety. Attached is an affidavit from Patrick Taylor, Latigo's 16 year-old nephew, regarding the complainant's erratic behavior. Also attached is an affidavit from Maribel Renteria, Latigo's ex-wife. Unfortunately, the complainant has gone too far and falsely accused Latigo of harassment.

1

2. To add insult to injury, the government is moving to detain Latigo based on a one-count stalking allegation. *This is not a presumption case.* The government cannot prove by clear and convincing evidence that no combination of conditions would reasonably assure the community's safety if Latigo were released. If Congress believed defendants charged with stalking generally pose such a threat, then it would be a presumption offense.

3. Assuming the allegations are true, *this case is not an outlier or different from the typical stalking case.* Like federal court, Texas courts have no presumptive detention in stalking cases. In fact, if this case were filed in State court (which is really the appropriate forum given the alleged facts and circumstances), it would be a third degree felony under Texas Penal Code Section 42.072, bond would be set a few thousand dollars after a Temporary Restraining Order (TRO) was in place, and the defendant would be entitled to release. Thousands of these cases are filed every year in State court, defendants are released on bond after a TRO is entered, and there is no statistically significant evidence that they are threats to the community or flight risks. That is why the Texas legislature gives defendants the right to bond in these cases.

4. Latigo does not have the financial means or any intent to flee. *He has known he has been under investigation for months, after the FBI raided his house and seized his computers.* He visited undersigned a month ago, and was interested in retaining counsel. He had limited funds, and could not afford to hire counsel at the time. His family has scraped up enough money to hire undersigned, and Latigo is adamant about fighting the charges. Latigo's passport will be in court tomorrow and available for surrender as a condition for release.

5. Latigo is not a threat to the community. Several witnesses, including people who know him best from family members to friends, can attest to this. He has no prior criminal history, is a peaceful person, *and has followed all conditions of a TRO that was entered in a corresponding civil case in mid-April*

2

*2015*. This Court can also enter a TRO and no-contact provisions as a condition of release.

 6. Latigo has strong community ties. He is a United States citizen and grew up in Texas. He is educated, a professional, and works as a gas trader. *His children live in the Houston area, he owns a house in Richmond, Texas, where he and his mom (who he helps care for) live, and he works in the Houston area.* He is a hands-on father who is very close to his children. Photos of him and the kids are attached as an Appendix.

 7. Finally, this is not a high-sentence case. The maximum statutory sentence is five years' imprisonment. If he is convicted, he is facing 27 to 41 months (depending on any aggravating factors), assuming no acceptance of responsibility. *He is an excellent candidate for probation or a minimal sentence.*

 Latigo should therefore be given pre-trial release.

        Respectfully submitted,

        /s/
        _____
        Neal Davis

        State Bar No. 24001117
        Federal No. 23729
        917 Franklin, 6th Floor
        Houston, Texas 77002
        Telephone:(713) 227-4444
        Facsimile: (800) 760-7140
        Email: Neal@NealDavisLaw.com

        Defendant's lawyer

## **CERTIFICATE OF SERVICE**

I certify that copy of this memorandum has been sent to the Assistant United States Attorney on June 4, 2015, via PACER/ECF filing.

/s/
_____
Neal Davis