UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 4:15-CR-295 |
| § | |
| HERIBERTO LATIGO § | |

## MEMORANDUM OF FINDINGS ON REMAND

This case is before the Court on remand from the Fifth Circuit Court of Appeals because the Court failed to state in writing or orally its reasons for its Order denying the defendant's, Heriberto Latigo, motion to revoke the Magistrate Judge's Order of Detention *See* [Doc. Nos. 17, 22 and 28]. In light of the remand Order, the Court adopts the findings and conclusion of the Magistrate Judge and supplements those findings and conclusions as follows:

a) The defendant is charged with the offense of "Stalking" in violation of Title 18 U.S.C. § 2261A(2)(B);

b) allegedly the defendant stalked Victim No. 1 both in person and by the utilization of electronic communication services and systems connected to interstate commerce;

c) the testimony of the Agent reveals a history of the defendant's interpersonal relationship with Victim No. 1 and other females. In the Court's opinion, the defendant's desire is to dominate these females both sexually and emotionally. The testimony alleges that the defendant engaged in conduct designed to humiliate, intimidate and harm Victim No. 1 physically and emotionally. According to the same testimony, the defendant utilized various internet sites to post nude and sexually explicit photographs of Victim No. 1;

d) because several of the witnesses to these events will likely include females from these previous relationships, and based on the defendant's conduct toward Victim No. 1 and other named victims, he will likely continue to make contact with them either directly or indirectly for the purpose of threatening and intimidating them;

e) the fact that the defendant and Victim No. 1 had a consensual relationship, at one time, does not give license to the defendant to engage in the alleged

        assaultive, terroristic threats, harassment and other illegal conduct designed to control and/or dominate Victim No.1;

f)     even though the defendant had been enjoined by a state court from engaging in similar contact with his ex-wife, the defendant allegedly utilized one of his email addresses and posted nude and/or partially nude images of his ex-wife on an internet site; and,

g)     the defendant and his family own real property in Mexico. He has traveled frequently throughout Europe. In fact, he was employed in Switzerland on an occasion. His mother, although not a citizen of the United States, and allegedly is in poor health with no evidence of a source of income, owns two rental properties in the United States and a residence in Mexico. This evidence suggests to the Court that the defendant may be using his mother to hide assets and other property by placing assets in his mother's name. The residence that the defendant claims is tied up in a divorce proceeding; therefore, he has no reason to remain in the United States.

    The Court concludes that the defendant is: (a) a danger to the community and (b) a flight risk. He has undisclosed assets, email accounts and nude images of Victim No. 1 and others of which he has not accounted. He has the skills to engage in internet stalking from any place in the world. Equally, the defendant's email internet activity suggests that he continues to pose a danger to Victim No. 1 and other females under his sway. As well the penalty associated with a conviction on these charges mean incarceration. Therefore, the defendant's motion to vacate the Magistrate Judge's detention Order is Denied.

    The Clerk of Court is directed to forward a copy of these findings to the Fifth Circuit Court of Appeals, Cause No. 15-20386.

    It is so Ordered.

    SIGNED on this 17th day of September, 2015.

                                                        Kenneth M. Hoyt
                                                        United States District Judge