Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

June 2, 2016

*Via Email and U.S. Priority Mail*
areynal@frlaw.us

F. Andino Reynal
Fertitta Reynal LLP
808 Travis, Suite 1005
Houston, Texas 77002
713-228-5900

United States District Court
Southern District of Texas
**FILED**

JUN  6 2016

**David J. Bradley, Clerk of Court**

Re: *United States of America v. Heriberto Latigo, Jr.*, **United States District Court for the Southern District of Texas, 15cr295 (Internal Ref. No. 713921)**

Dear Mr. Reynal:

    Google Inc. ("Google") has received your subpoena for documents and testimony, dated May 02, 2016, in the above-referenced matter (the "Subpoena"). Your subpoena states that you are requesting "All stored communications for tranplasticsurg@gmail.com" and "All IP address information for tranplasticsurg@gmail.com". As explained more fully below, Google will comply with your subpoena subject to its policies and to the extent required and permitted by law.

    Section 2702(a) of the federal Stored Communications Act prohibits Google from disclosing the content of electronic communications pursuant to a subpoena. 18 U.S.C. § 2702(a); see e.g., *Suzlon Energy Ltd. v. Microsoft Corp*, 671 F.3d 726, 730 (9th Cir. 2011); *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F.Supp.2d 987, 994 (C.D. Cal. Aug. 14, 2012); *In re Subpoena Duces Tecum to AOL, LLC.*, 550 F.Supp.2d 606, 611 (E.D. Va. 2008); *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008); *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008); *O'Grady v. Superior Court of Santa Clara*, 139 Cal. App. 4th 1423, 1441-43 (2006). The appropriate way to seek such content is to direct your request to the account holder who has custody and control of the data in the account. *Suzlon*, 671 F.3d 726, 730-31; *Mintz*, 885 F.Supp.2d at 994; *O'Grady*, 139 Cal. App. 4th at 1446-47. If the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. See *Mintz*, 2012 WL 3553351 at *5; *O'Grady*, 13 Cal. App. 4th at 1446-67; see also *Flagg*, 252 F.R.D. at 348, 366-67.

    Federal Criminal Rule 17(c)(3) requires you to obtain a court order before issuing a subpoena seeking personal information about a crime victim. This order may issue only after the court requires you to give notice to the victim so that the victim has an opportunity to move to quash, modify, or otherwise object to the subpoena. Please notify us immediately if you contend the subpoena is not related to an alleged victim. Otherwise, Google can comply to the extent permitted by law only upon receipt of a valid court order issued under Rule 17(c)(3). If you plan to seek court assistance for your subpoena under Rule 17(c)(3), please provide a copy of this letter to the court.

    In addition, and notwithstanding any court-ordered notice, Google requires sufficient time to notify the affected user so that the user can assert his or her rights in response. Google will forward notice of this matter, including your name and contact information, to the user at the email address provided by the user. Google provides its users at least 20 days to object to your request or inform Google of their intent to file a motion to quash. If the user does not object and subject to the limitations below, Google will thereafter respond to the subpoena. Google reserves

Google Inc.
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

the right to object to the subpoena in any response. If your request seeks information containing confidential financial, proprietary, or trade secret information, or any information subject to a confidentiality agreement or protective order, please provide a confidentiality agreement or protective order. While Google does not require a protective order for production of its non-confidential information, we will not produce confidential information without entry of a protective order that we deem suitable to protect the confidentiality of our documents. Similarly, Google cannot produce information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Moreover, if your subpoena seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive, you should seek to obtain it directly from that person rather than burden non-party Google.

Google also cannot respond to requests to the extent that they are irrelevant, overly broad, vague, ambiguous, unlimited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Google, including by seeking electronically stored information that is not reasonably accessible to Google.

Google expressly preserves and does not waive any available rights or objections. Subject to the above restrictions, Google intends to produce responsive non-content data, to the extent it exists and is available, via email.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Very truly yours,

Mika Yukimura
Legal Investigations Support

cc: Clerk of the Court