UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-15-0295 |
| | § | |
| HERIBERTO LATIGO | § | |

GOVERNMENT'S MOTION
TO
STRIKE DEFENDANT'S WITNESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through Abe Martinez, the Acting United States Attorney in and for the Southern District of Texas, the undersigned Assistant United States Attorney would file this *Government's Motion to Strike Defendant's Witness*, in support thereof the Government would show:

I. History

On May 28, 2015, Defendant Latigo was indicted in Houston, Texas in cause number H-15-0295, in a single count indictment of Stalking in violation of Title 18 U.S.C. § 2261A(2)(B). On June 4, 2014, a *Notice of Appearance as Attorneys of Record* was filed by attorneys Neal Davis and Andino Reynal. Subsequently, Neal Davis withdrew as attorney of record on July 1, 2015. On September 6, 2016, Andio Reynal was allowed to withdraw as attorney of record and the Public Defender's office was appointed to represent Mr. Latigo. Mr. Latigo filed a motion to represent himself on September 29, 2016, and said motion was granted on October 3, 2016. At that hearing and subsequent hearings, this Court informed Mr. Latigo that he would have to comport with the

rules that bind this Court and its proceedings. On August 24, 2017, Mr. Latigo filed "Defendat's [sic] Witness List", Document 217, wherein AUSA Sherri Zack, Government's lead trial counsel was name as witness number 24.

## II. Argument

Texas Disciplinary Rule of Professional Conduct Rule 3.08 "Lawyer as Witness", is a controlling rule which governs the attorneys as witness in proceedings before this court. The rule states in pertinent part that:

> I. (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer *is or may be a witness* necessary to establish an essential fact …

(Emphasis added.) AUSA Zack is not, nor at any time was, a fact witness to this proceeding. Mr. Latigo has at various times indicated that AUSA Zack may have evidence pertaining to a Sarbanes-Oxley (hereinafter SOX) whistleblower complaint. This complaint arises from conduct within ENI, Mr. Latigo's and the victim's former employer, and is not germane to the proceedings presently before the Court. AUSA Zack was at no time an officer, agent, employee or witness to any of the actions that gave rise to Mr. Latigo's SOX claim or the pending charges before this Court. She has had communications with legal counsel for ENI in order to facilitate their compliance with subpoena requests. The Court has already addressed the lack of relevancy concerning the SOX matter when it granted the Government's Motion in Limine on August 22, 2017. (Documents 42 and 215).

In addressing the government's request to strike AUSA Zack from the Defendant's

witness list, the government would direct the Court to Texas Disciplinary Rule of Professional Conduct Rule 3.08, Comment 10 which states:

> 10. This Rule may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles. However, it *should not be used as a tactical weapon* to deprive the opposing party of the right to be represented by the lawyer of his or her choice. For example, a lawyer should not seek to disqualify an opposing lawyer under this Rule merely because the opposing lawyer's dual roles may involve an improper conflict of interest with respect to the opposing lawyer's client, for that is a matter to be resolved between lawyer and client or in a subsequent disciplinary proceeding. Likewise, a lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness. Such unintended applications of this Rule, if allowed, would subvert its true purpose by converting it into a mere tactical weapon in litigation.

(Emphasis added.)   The Government avers that the naming of AUSA Zack is being used solely as a tactical weapon in an attempt to deprive the United States of its counsel, and as such, AUSA Zack's name should be stricken from Defendant Latigo's witness list. Additionally, allowing Defendants to simply list AUSAs as witness and thereby having them removed from cases would be an abuse of the justice system and a violation of the rules of professional conduct.   The listing of AUSA Zack as a witness is an attempt to subvert legal process and the orders of this Court.

WHEREFORE, PREMISES CONSIDERED, the Government requests that the Court strike AUSA Sherri Zack's name from the Defendant's witness list.

Respectfully Submitted,

Abe Martinez
Acting United States Attorney
Southern District of Texas

*/s/ Steven T. Schammel*
**STEVEN T. SCHAMMEL**
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana St., Ste. 2300
Houston, Texas 77002
Phone: (713) 567-9325

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Government's Motion to Strike Defendant's Witness* was provided on September 8, 2017 by ECF/fax/mail/hand to Mr. Heriberto Latigo, by and through his standby counsel, Mr. Philip Gallagher.

*/s/ Steven T. Schammel*
STEVEN T. SCHAMMEL
Assistant United States Attorney